Battle, J.
 

 It is too well settled in this State to be questioned, that if an indictment conclude against the form of the statutes, when there is only one statute relating to the offence charged, it is a fatal defect, for which the judgment must be arrested.
 
 State
 
 v.
 
 Sandy,
 
 3 Ire. Rep. 570. The defect has been cured in England by the statute 7 Geo. 4, ch. 64, sec. 20 ; and it isa question for another department of the government, whether a similar provision ought not to be adopted here.
 

 The appeal in this case was taken, we presume, upon the supposition that the offence charged was founded upon two statutes instead of onq, to wit, the 34th chapter, section 75, of the Revised Statutes, and the Act of 1848, ch. 36, sec. 1.
 

 It is true that the latter statute refers to the former, but is not in any respect indebted to it for tire offence which it defines and makes indictable. It is complete in itself, both in defining the misdemeanor and prescribing the punishment; and if the. indictment were to set out the statute or statutes upon which it was
 
 *429
 
 founded, instead of referring to it or them in general terms, it would clearly be unnecessary to set out any but the Act of 1848. This is decisive of the manner in which the indictment ought to conclude.
 

 It is hardly necessary to say that the reference in the latter part of the section of the Act of 1848, to the 75th section of the 34th chapter of the Revised Statutes, as to the forfeiture or penalty which is given to a common informer, and the manner in which it is to be recovered, cannot at all affect the form of the indictment. It is obviously a separate and distinct matter, which has nothing to do with the indictable offence, and cannot, therefore, influence the mode of proceeding upon it. The motion in arrest of judgment was properly allowed, and must be affirmed.
 

 Pee, Ctjuiam. Judgment affirmed.